IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CANAL INSURANCE COMPANY; | Civ. No. 6:23-cv-00875-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| ATLANTIS VAN LINES, INC.; RAME MASARWE; MOHAMMED A. ALKHEWANI, | |
| Defendants. | |

AIKEN, District Judge.

This case comes before the Court on a Motion to Dismiss filed by Defendant Mohammed A. Alkhewani. ECF No. 12. The Court concludes that this motion is appropriate for resolution without oral argument. For the reasons set forth below, the motion is GRANTED as to Defendant Atlantis Van Lines, Inc. The motion in the alternative is GRANTED as to Defendant Rame Masarwe and this case is STAYED pending resolution of the underlying lawsuit.

**LEGAL STANDARDS**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## BACKGROUND

### I.     The Parties and the Underlying Lawsuit

Defendant Atlantis Van Lines, Inc. ("Atlantis") is a Colorado corporation with its principal place of business in Florida. Compl. ¶ 2. ECF No. 1. Defendant Rame Masarwe is a resident of Florida and, as a relevant to this case, was a driver employed by Atlantis. *Id.* at ¶¶ 3, 9-10.

Plaintiff Canal Insurance Company ("Canal") is a South Carolina corporation. Compl. ¶ 1. Canal issued a commercial automobile insurance policy to Atlantis, Policy No. I-785460001-3, which was effective from August 2019 to August 2020 (the "Policy"). *Id.* at ¶ 15.

Defendant Mohammed A. Alkhewani is a resident of Oregon and is the plaintiff in *Mohammed A. Alkhewani v. Atlantis Van Lines, Inc. et al.*, Case No. 21CV34711 (the "underlying lawsuit") against Atlantis and Masarwe. Compl. ¶¶ 4, 8. In the underlying lawsuit, Alkhewani alleges that on September 3, 2019, a vehicle driven

by Masarwe rear-ended a vehicle driven by Alkhewani and that Masarwe was operating within the course and scope of his employment with Atlantis at the time of the collision. *Id.* at ¶¶ 9-10. In the underlying lawsuit, Alkhewani alleges that Masarwe was negligent and that Alkhewani suffered injuries as a result of the collision. *Id.* at ¶¶ 11-12.

The underlying lawsuit was originally filed in Marion County Circuit Court. Compl. ¶ 8. Canal undertook the defense of Atlantis and Masarwe in the underlying lawsuit and retained the law firm Sussman Shank LLP to represent them. *Id.* at ¶ 13. On October 26, 2021, the defendants in the underlying lawsuit removed the action to federal court where it remains pending as a Case No. 6:21-cv-01558-MC. *Id.* at ¶ 14.

Following removal, the defendants in the underlying lawsuit filed an Amended Answer and Affirmative Defenses. ECF No. 10 in 6:21-cv-01558-MC.[1] In that Answer, the defendants admitted that "Mr. Masarwe was operating a vehicle within the course and scope of his employment for Atlantis," and that "Mr. Masarwe negligently caused the accident by his failure to keep a proper lookout." *Id.* at ¶ 1. Following their admission of liability, the issue remaining to be litigated in the underlying lawsuit is the "existence, medical cause, extent, nature, degree, and reasonableness" of Plaintiff's claimed injuries. *Id.*[2]

---

[1] The Court takes judicial notice of the docket and filings in the underlying lawsuit, *Alkhewani v. Atlantis Van Lines, Inc. et al.*, Case No. 6:21-cv-01558-MC. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court dockets is permissible "[t]o determine what issues were actually litigated.").
[2] The scope of the defendant's admissions in the underlying lawsuit was confirmed by an August 19, 2022, order on a discovery dispute in the underlying lawsuit, in which the court found that "because

## II. The Policy

Under the Policy, Atlantis is the "Named Insured" and Masarwe qualifies as an "insured" because "he was operating a 'covered auto' with the permission of Atlantis at the time of the Accident." Compl. ¶¶ 16-17.

The Policy provides that Canal "ha[s] no duty to provide coverage unless there has been full compliance" with certain enumerated duties. Compl. ¶ 18; Ex. B. Among these duties, the named insured and the insured must "[c]ooperate with [Canal] in the investigation or settlement of the claim or defense against the 'suit.'" *Id.* at ¶ 18; Ex. B.

The Policy provides that Canal will reimburse the insured for "[a]ll reasonable expenses incurred by the 'insured' at our request, including actual loss of earnings up to $250 a day because of time off from work." Compl. ¶ 20; Ex. B.

## III. Atlantis and Masarwe in the Underlying Lawsuit

Canal alleges that it has had difficulty communicating with Atlantis and Masarwe in the underlying lawsuit.

On March 10, 2022, Canal sent a letter to Atlantis complaining that it had made several unsuccessful attempts by phone and email to contact Atlantis and that defense counsel in the underlying lawsuit had been similarly unsuccessful in contacting Atlantis to respond to the written discovery requests propounded by Alkhewani in the underlying lawsuit. Compl. ¶ 21, Ex. C. The letter warned that Atlantis owed a contractual obligation to cooperate with the defense and that failure

---

Defendants admit that Defendant Masarwe's negligence caused the accident, requests for documents relating to liability are outside the scope of discovery." ECF No. 14 in Case No. 6:21-cv-01558-MC.

to do so may prejudice Canal's rights and jeopardize coverage under the Policy. *Id.* at ¶ 22. The letter requested that Atlantis immediately contact Canal or defense counsel in the underlying lawsuit. *Id.* at ¶ 23.

Defense counsel in the underlying lawsuit was in communication with Masarwe, although Masarwe "ignored emails and text messages to prepare the defense to the Lawsuit, despite being reminded of his obligation to cooperate with the defense of the Lawsuit." Compl. ¶ 24. Atlantis and Masarwe "continued to not respond to multiple requests by Canal and Defense Counsel to cooperate with the defense of the Lawsuit." *Id.* at ¶ 25.

On October 11, 2022, the judge presiding over the underlying lawsuit ruled that Masarwe must appear for a deposition scheduled for December 13, 2022, and that failure to appear would result in an order to show cause why Masarwe should not be held in contempt of court. Compl. ¶ 26. "The Court further stated that if [Masarwe] failed to appear for his deposition, the Court may enter a directed verdict against Atlantis and [Masarwe] on the issue of causation in the Lawsuit." *Id.* at ¶ 27.

Defense counsel in the underlying lawsuit traveled to Florida to meet with Masarwe and prepare for his deposition the following day. Compl. ¶ 30. On December 13, 2022, Masarwe demanded $5,000 from Canal to appear at the deposition "and said he would not come to the deposition if he did not receive it." *Id.* at ¶ 31. Canal offered $250 per day, pursuant to the Policy. *Id.* at ¶ 32. Masarwe did not appear for the deposition. *Id.* at ¶ 33. Canal alleges that Masarwe's failure

to appear was intentional. *Id.* at ¶ 34.

On December 14, 2022, the day after Masarwe failed to appear for his deposition, Alkhewani made a settlement demand for the limit of the Policy. Compl. ¶ 35.

On January 6, 2023, Canal sent a letter to Masarwe telling him that his failure to appear "will likely cause" material prejudice to Canal's ability to defend against the lawsuit and directing Masarwe to contact Canal or defense counsel in the underlying lawsuit to reschedule the deposition. Compl. ¶¶ 36-37, Ex. D. Service of the January 6, 2023, letter was refused at Masarwe's residence. *Id.* at ¶ 38.

On March 31, 2023, defense counsel moved to withdraw from the underlying lawsuit, citing Rule of Professional Conduct ("RPC") 1.16(b)(1). Compl. ¶ 39. On April 10, 2023, the presiding judge granted the motion and directed defense counsel to provide notice to Atlantis and Masarwe and to file a declaration demonstrating notice. *Id.* at ¶¶ 40-41, 43.

Canal retained the law firm of Cosgrave, Vergeer & Kester LLP to defend Atlantis and Masarwe in the underlying lawsuit and sent letters to Masarwe and Atlantis asking that they contact new defense counsel as soon as possible to cooperate with the defense of the lawsuit. Compl. ¶¶ 44-45. Canal alleges that Masarwe and Atlantis "have failed to meaningfully cooperate with, and participate in, the defense of the Lawsuit for the past twelve (12) months." *Id.* at ¶ 46.

**DISCUSSION**

Canal seeks a declaration that (1) Atlantis and Masarwe have breached the cooperation clause of the Policy; (2) Canal has satisfied its duty to exercise due diligence to secure Atlantis's and Masarwe's participation in the defense of the underlying lawsuit; and (3) Canal has been substantially prejudiced and continues to be prejudiced by Atlantis's and Masarwe's past and ongoing failures to cooperate in the defense of the underlying lawsuit. Alkhewani moves to dismiss this declaratory judgment action pursuant to Federal Rule of Civil Procedure 12(b)(6). In the alternative, Alkhewani moved to stay the proceeding pending resolution of the underlying lawsuit.

Under the Declaratory Judgment Act, in "a case of actual controversy within its jurisdiction," a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

**I. Duty to Indemnify**

State law determines the court's interpretation of insurance policies and an insurer's duty to indemnify. *Larson Constr. Co. v. Or. Auto Ins. Co.*, 450 F.2d 1193, 1195 (9th Cir. 1971). Under Oregon law, the duty to defend is distinct from, and is broader than, the duty to indemnify under the terms of an insurance policy. *Ledford v. Gutoski*, 319 Or. 397, 403 (1994). While a duty to defend is triggered by the allegations in a pleading, the duty to indemnify is proven by facts that establish a right to coverage. *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App. 222,

227 (1996). Courts must construe exclusion clauses narrowly. *Am. Econ. Ins. Co. v. Hughes*, 121 Or. App. 183, 186 (1993).

Here, Canal asserts that Atlantis's and Masarwe's failure to cooperate in the defense of the underlying action, and particularly Masarwe's failure to appear for a noticed deposition, violate the cooperation clause of the Policy and excuse Canal from the duty to indemnify Atlantis and Masarwe from any judgment entered against them.

In order to be excused from the duty to indemnify based on non-cooperation, the insurer (1) must have exercised due diligence in attempting to secure the cooperation of the insured; (2) the insured's failure to cooperate must have been willful; and (3) the insurer must be prejudiced by the lack of cooperation. *Berry v. Truck Ins. Exchange*, 265 Or. 130, 131-32, 135-36 (1973). Here, there is no dispute that Canal has sufficiently alleged that Atlantis and Masarwe willfully failed to cooperate.

### A. Diligence in Securing Cooperation

In order to assert non-cooperation as a bar to coverage, the insurer must have acted with "reasonable diligence and good faith" in securing the cooperation of the insured. *Bailey v. Universal Underwriters Ins. Co.*, 258 Or. 201, 225 (1970). In *State Farm Mut. Auto. Ins. Co. v. Farmers Ins. Exchange*, 238 Or. 285 (1963), the Oregon Supreme Court held that "an insurer must make a substantial showing of diligence before it can successfully rely on the defense of non-cooperation." *Id.* at 293. The standard for this diligence is:

> [I]t is proper to require a showing that the company used the same degree of diligence to secure the insured's cooperation that would have been exercised by a reasonable and prudent person where the cooperation of the insured would be to its advantage in protecting it against liability, rather than to relieve it therefrom. We believe this requirement that the insurer exercise the same diligence as it would exercise to protect its own interests, if there were not advantage to be gained if cooperation fails, is a fair and reasonable standard to apply in such situations and is not unduly burdensome to insurers.

*Bailey*, 258 Or. at 224 (internal quotation marks and citations omitted).

The question of whether the insurer has exercised reasonable diligence and good faith is ordinarily a question of fact for the jury, to be "decided in the light of the particular facts and circumstances of each case." *Bailey*, 258 Or. at 225.

With respect to Atlantis, the Complaint alleges that Canal sent a letter to Atlantis notifying Atlantis that Canal had "made multiple unsuccessful attempts to by phone and email to contact Atlantis." Compl. ¶ 21. The Court concludes that the sustained efforts at contact memorialized in the letter are sufficient to plead the exercise of reasonable diligence. It his motion, Alkhewani agrees that Canal has made diligent efforts to secure Masarwe's cooperation.

### B. Prejudice

The Oregon Supreme Court has held that in order for non-cooperation to provide a defense, "the insurance company has the burden to plead and prove that it has suffered prejudice as a result." *Bailey*, 258 Or. at 219. "Few Oregon cases have addressed what constitutes prejudice in the context of a cooperation clause." *Shalk v. Infinity Ins. Co.*, Case No. 3:20-cv-00615-YY, 2021 WL 1877976, at *14 (D. Or. April 16, 2021). Courts in this District have determined that prejudice "'includes a

substantial detriment to the insurer's ability to litigate or adjust the case.'" *Id.* (quoting *Assurance Co. of Am. v. MDF Framing*, No. CV-06-169-MO, 2008 WL 361289, at *5 (D. Or. Feb. 7, 2008)).

Here, as noted, Atlantis and Masarwe have, through defense counsel hired by Canal, admitted liability in the underlying action and so the only issue remaining to be litigated is causation relating to Alkhewani's injuries. Alkhewani argues that Atlantis would have no relevant information to offer with respect to causation. This argument is supported by the discovery orders in the underlying lawsuit, which found that all responsive documents had been produced by Atlantis and further document discovery related to liability would be outside the scope of discovery. The Court concurs. Liability has been admitted and Canal does not allege that Atlantis possesses any information relevant to the remaining issues in the underlying litigation, or that it would be able to offer testimony material to the issue of causation. The Court will therefore grant the motion to dismiss the Complaint with respect to Atlantis and Canal will have leave to file an amended complaint restating its claim for declaratory relief as to Atlantis.

With respect to Masarwe, Canal argues that Masarwe "may testify to his personal knowledge of the true nature and extent of Alkhewani's alleges damages/injuries and can speak to the speeds at which he estimated both vehicles to be traveling at the prior to the collision." Resp. 15. As Alkhewani point out, however, the issue of causation is not so simply established: "When the element of causation involves a complex medical question, as a matter of law, no rational juror can find

that a plaintiff has established causation unless the plaintiff has presented expert testimony that there is a reasonable medical probability that the alleged negligence caused the plaintiff's injuries." *Baughman v. Pina*, 200 Or. App. 15, 18 (2014). Causation, in such a case, is a battle of experts. The Complaint in this case acknowledges as much in its allegations of prejudice concerning the possibility of a directed verdict: "A directed verdict on the issue of causation would preclude testimony from a medical expert to contest causation of the Claimant's alleged injuries." Compl. ¶ 29. Notably, there is no allegation that the absence of *Masarwe's* testimony would impair Canal's ability to contest causation.

The other allegations of prejudice do little more to advance Canal's case. Canal argues that it unnecessarily sent an attorney to Florida to prepare Masarwe for his deposition, but that preparation was part of Canal's duty to defend the case and does not bear on its ability to litigate or adjust the remaining issues—causation and damages—in the underlying case.

Nor is the Court persuaded that Canal was prejudiced by a policy limit settlement demand by Alkhewanin. Canal is not obligated to comply with such a demand and is, of course, free to engage in settlement discussions.

When the court in the underlying lawsuit ordered Masarwe to appear for his deposition, the court stated "that if the Driver failed to appear for his deposition, the Court may enter a directed verdict against Atlantis and the Driver on the issue of causation in the Lawsuit." Compl. ¶ 27. No such directed verdict has been sought by Alkhewani, nor has such a directed verdict been entered by the court in the

underlying lawsuit. Similarly, the Complaint alleges only that a contempt of court order was threatened, but not that Masarwe was actually determined to be in contempt of court. *Id.* at ¶¶ 26, 34. The Court concludes that Canal's allegations of prejudice concerning Masarwe's non-cooperation are, at this juncture, speculative and may not actually materialize. The Court will therefore turn to the question of whether this case should be stayed with regard to the claim for declaratory relief as to Masarwe.

## II. Motion to Stay

Granting or denying a motion to stay a declaratory judgment lies within the district court's discretion. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). In a declaratory judgment action addressing insurance coverage, a court may stay the proceeding if the case implicates the resolution of legal claims or facts in an underlying action. *See State Farm Fire & Cas. Co. v. Arbor Vineyards Homeowners Ass'n*, No. CV-010-504-HU, 2011 WL 198145, at *3 (D. Or. Jan 18, 2011). However, if "the coverage question is logically unrelated to the issues of consequence in the underlying case, the declaratory relief action may properly proceed to judgment." *Home Indem. Co. v. Stimson Lumber Co.*, 229 F. Supp.2d 1075, 1086 (D. Or. 2001) (internal quotation marks and citation omitted).

Here, as discussed in the previous section, Canal's allegations of prejudice arising from Masarwe's noncooperation are speculative and rest on events that have not yet occurred and which may or may not occur in the course of litigating the underlying lawsuit. Notably, these facts include finding that Masarwe is in contempt

of court and the issuance of a directed verdict on the question of causation. The Court will therefore STAY consideration of this Motion as to Masarwe pending resolution of the underlying lawsuit.

## CONCLUSION

For the reasons set forth above, Defendant Alkhewani's Motion to Dismiss, ECF No. 12, is GRANTED as to Defendant Atlantis and this claim for declaratory judgment against Atlantis is DISMISSED with leave to amend. Plaintiff Canal shall have thirty days from the date of this Order in which to file an amended complaint with respect to its claims against Defendant Atlantis. With respect to the claims against Defendant Masarwe, the Court GRANTS Defendant Alkhewani's motion in the alternative and STAYS the case, other than the deadline for filing an amended complaint as to Defendant Atlantis, pending resolution of the underlying lawsuit. The parties are to notify the Court within fourteen (14) days of the resolution of the underlying lawsuit.

It is so ORDERED and DATED this ____30th____ day of July 2024.

      /s/Ann Aiken
    ANN AIKEN
    United States District Judge