IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION


CANAL INSURANCE COMPANY;                              Civ. No. 6:23-cv-00875-AA

                    Plaintiff,                        **OPINION & ORDER**

        v.

ATLANTIS VAN LINES, INC.;
RAME MASARWE; MOHAMMED
A. ALKHEWANI,

                    Defendants.
_____

AIKEN, District Judge.

        This case comes before the Court on a Motion to Dismiss filed by Defendant
Mohammed A. Alkhewani.  ECF No. 41.  For the reasons set forth below, the motion
is GRANTED and the claims against Defendant Atlantis Van Lines, Inc. are
DISMISSED.   The claims against Defendant Rame Masarwe remain stayed,
consistent with the Court's prior Order.

                              **LEGAL STANDARDS**

        To survive a motion to dismiss under the federal pleading standards, a
pleading must contain a short and plain statement of the claim and allege "sufficient
factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"
*Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550
U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations,"

it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## BACKGROUND

### I.    The Parties and the Underlying Lawsuit

Defendant Atlantis Van Lines, Inc. ("Atlantis") is a Colorado corporation with its principal place of business in Florida. First Am. Compl. ("FAC") ¶ 2. ECF No. 36. Defendant Rame Masarwe is a resident of Florida and, as a relevant to this case, was a driver employed by Atlantis. *Id*. at ¶¶ 3, 9-10.

Plaintiff Canal Insurance Company ("Canal") is a South Carolina corporation. FAC ¶ 1. Canal issued a commercial automobile insurance policy to Atlantis, Policy No. I-785460001-3, which was effective from August 2019 to August 2020 (the "Policy"). *Id*. at ¶ 15; Exhibit B, ECF No. 5.

Defendant Mohammed A. Alkhewani is a resident of Oregon and is the plaintiff in *Mohammed A. Alkhewani v. Atlantis Van Lines, Inc. et al.*, Case No. 21CV34711 (the "underlying lawsuit") against Atlantis and Masarwe. FAC ¶¶ 4, 8. In the underlying lawsuit, Alkhewani alleges that on September 3, 2019, a vehicle driven by Masarwe rear-ended a vehicle driven by Alkhewani and that Masarwe was

operating within the course and scope of his employment with Atlantis at the time of the collision. *Id.* at ¶¶ 9-10. In the underlying lawsuit, Alkhewani alleges that Masarwe was negligent and that Alkhewani suffered injuries as a result of the collision. *Id.* at ¶¶ 11-12.

The underlying lawsuit was originally filed in Marion County Circuit Court. FAC ¶ 8. Canal undertook the defense of Atlantis and Masarwe in the underlying lawsuit and retained the law firm Sussman Shank LLP to represent them. *Id.* at ¶ 13. On October 26, 2021, the defendants in the underlying lawsuit removed the action to federal court where it remains pending as a Case No. 6:21-cv-01558-MC. *Id.* at ¶ 14.

Following removal, the defendants in the underlying lawsuit filed an Amended Answer and Affirmative Defenses. ECF No. 10 in 6:21-cv-01558-MC.[1] In that Answer, the defendants admitted that "Mr. Masarwe was operating a vehicle within the course and scope of his employment for Atlantis," and that "Mr. Masarwe negligently caused the accident by his failure to keep a proper lookout." *Id.* at ¶ 1. Following their admission of liability, the issue remaining to be litigated in the underlying lawsuit is the "existence, medical cause, extent, nature, degree, and reasonableness" of Plaintiff's claimed injuries. *Id.*[2]

---

[1] The Court takes judicial notice of the docket and filings in the underlying lawsuit, *Alkhewani v. Atlantis Van Lines, Inc. et al.*, Case No. 6:21-cv-01558-MC. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court dockets is permissible "[t]o determine what issues were actually litigated.").

[2] The scope of the defendant's admissions in the underlying lawsuit was confirmed by an August 19, 2022, order on a discovery dispute in the underlying lawsuit, in which the court found that "because Defendants admit that Defendant Masarwe's negligence caused the accident, requests for documents relating to liability are outside the scope of discovery." ECF No. 14 in Case No. 6:21-cv-01558-MC.

## II.    The Policy

Under the Policy, Atlantis is the "Named Insured" and Masarwe qualifies as an "insured" because "he was operating a 'covered auto' with the permission of Atlantis at the time of the Accident." FAC ¶¶ 16-17.

The Policy provides that Canal "ha[s] no duty to provide coverage unless there has been full compliance" with certain enumerated duties. FAC ¶ 18; Ex. B. Among these duties, the named insured and the insured must "[c]ooperate with us [Canal] in the investigation or settlement of the claim or defense against the 'suit.'" *Id.* at ¶ 18; Ex. B, at 41.

The Policy provides that Canal will reimburse the insured for "[a]ll reasonable expenses incurred by the 'insured' at our request, including actual loss of earnings up to $250 a day because of time off from work." FAC ¶ 20; Ex. B, at 36.

## III.    Atlantis and Masarwe in the Underlying Lawsuit

Canal alleges that it has had difficulty communicating with Atlantis and Masarwe in the underlying lawsuit.

On March 10, 2022, Canal sent a letter to Atlantis complaining that it had made several unsuccessful attempts by phone and email to contact Atlantis and that defense counsel in the underlying lawsuit had been similarly unsuccessful in contacting Atlantis to respond to the written discovery requests propounded by Alkhewani in the underlying lawsuit. FAC ¶ 21, Ex. C. The letter warned that Atlantis owed a contractual obligation to cooperate with the defense and that failure to do so may prejudice Canal's rights and jeopardize coverage under the Policy. *Id.*

at ¶ 22. The letter requested that Atlantis immediately contact Canal or defense counsel in the underlying lawsuit. *Id.* at ¶ 23.

Defense counsel in the underlying lawsuit was in communication with Masarwe, although Masarwe "ignored emails and text messages to prepare the defense to the Lawsuit, despite being reminded of his obligation to cooperate with the defense of the Lawsuit." FAC ¶ 24. Atlantis and Masarwe "continued to not respond to multiple requests by Canal and Defense Counsel to cooperate with the defense of the Lawsuit." *Id.* at ¶ 25.

On October 11, 2022, the judge presiding over the underlying lawsuit ruled that Masarwe must appear for a deposition scheduled for December 13, 2022, and that failure to appear would result in an order to show cause why Masarwe should not be held in contempt of court. FAC ¶ 26. "The Court further stated that if [Masarwe] failed to appear for his deposition, the Court may enter a directed verdict against Atlantis and [Masarwe] on the issue of causation in the Lawsuit." *Id.* at ¶ 27.

Defense counsel in the underlying lawsuit traveled to Florida to meet with Masarwe and prepare for his deposition the following day. FAC ¶ 30. On December 13, 2022, Masarwe demanded $5,000 from Canal to appear at the deposition "and said he would not come to the deposition if he did not receive it." *Id.* at ¶ 31. Canal offered $250 per day, pursuant to the Policy. *Id.* at ¶ 32. Masarwe did not appear for the deposition. *Id.* at ¶ 33. Canal alleges that Masarwe's failure to appear was intentional. *Id.* at ¶ 34.

On December 14, 2022, the day after Masarwe failed to appear for his deposition, Alkhewani made a settlement demand for the limit of the Policy.  FAC ¶ 35.

On January 6, 2023, Canal sent a letter to Masarwe telling him that his failure to appear "will likely cause material prejudice to the you [sic] and possibly Atlantis, in the defense of this case," and directing Masarwe to contact Canal or defense counsel in the underlying lawsuit to reschedule the deposition.  FAC ¶¶ 36-37, Ex. D.[3]  Service of the January 6, 2023, letter was refused at Masarwe's residence.  *Id.* at ¶ 38.

On March 31, 2023, defense counsel moved to withdraw from the underlying lawsuit, citing Rule of Professional Conduct ("RPC") 1.16(b)(1).  FAC ¶ 39.  On April 10, 2023, the presiding judge granted the motion and directed defense counsel to provide notice to Atlantis and Masarwe and to file a declaration demonstrating notice.  *Id.* at ¶¶ 40-41, 43.

Canal retained the law firm of Cosgrave, Vergeer & Kester LLP to defend Atlantis and Masarwe in the underlying lawsuit and sent letters to Masarwe and Atlantis asking that they contact new defense counsel as soon as possible to cooperate with the defense of the lawsuit.  FAC ¶¶ 44-45.  Canal alleges that Masarwe and Atlantis "have failed to meaningfully cooperate with, and participate in, the defense

---

[3] The quoted language is taken from the January 6, 2023, letter to Masarwe.  Ex. D, at 2.  ECF No. 5.  The FAC alleges that "the letter indicated that the Driver's failure to cooperate with the defense of the Lawsuit had caused material prejudice to Canal's ability to defend the lawsuit[.]"  FAC ¶ 37.  As discussed below, the allegation that Masarwe's non-appearance caused "material prejudice" is a legal conclusion in addition to somewhat stretching the actual wording of the January 6, 2023, letter.

of the Lawsuit for the past twelve (30) months." *Id.* at ¶ 47.

On July 31, 2023, the new attorneys moved to withdraw from their representation of Atlantis and Masarwe in the underlying action, citing RPC 1.6 and 1.16. FAC ¶ 48. The attorneys did not publicly provide a reason for the withdrawal, but Canal believes that it was caused by an inability to communicate with Atlantis and Masarwe. *Id.* at ¶¶ 49-51. On August 18, 2023, the court in the underlying action permitted the new attorneys to withdraw. *Id.* at ¶ 54. Masarwe and Atlantis remain unrepresented in the underlying action. *Id.* at ¶ 57.

## DISCUSSION

Canal seeks a declaration that (1) Atlantis and Masarwe have breached the cooperation clause of the Policy; (2) Canal has satisfied its duty to exercise due diligence to secure Atlantis's and Masarwe's participation in the defense of the underlying lawsuit; and (3) Canal has been substantially prejudiced and continues to be prejudiced by Atlantis's and Masarwe's past and ongoing failures to cooperate in the defense of the underlying lawsuit.

On July 30, 2024, the Court granted Alkhewani's motion to dismiss the case as to the Atlantis and granted Alkhewani's motion in the alternative to stay the case with respect to Masarwe. ECF No. 35. On August 29, 2024, Canal filed the FAC, which is substantially similar to the original Complaint. Alkhewani then renewed his motion to dismiss the claims against Atlantis. ECF No. 41. The claims against Masarwe remain stayed pending resolution of the underlying action, consistent with the Court's prior Order.

Under the Declaratory Judgment Act, in "a case of actual controversy within its jurisdiction," a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

## I. Duty to Indemnify

State law determines the court's interpretation of insurance policies and an insurer's duty to indemnify. *Larson Constr. Co. v. Or. Auto Ins. Co.*, 450 F.2d 1193, 1195 (9th Cir. 1971). Under Oregon law, the duty to defend is distinct from, and is broader than, the duty to indemnify under the terms of an insurance policy. *Ledford v. Gutoski*, 319 Or. 397, 403 (1994). While a duty to defend is triggered by the allegations in a pleading, the duty to indemnify is proven by facts that establish a right to coverage. *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App. 222, 227 (1996). Courts must construe exclusion clauses narrowly. *Am. Econ. Ins. Co. v. Hughes*, 121 Or. App. 183, 186 (1993).

Here, Canal asserts that Atlantis's failure to cooperate in the defense of the underlying action violates the cooperation clause of the Policy and excuses Canal from the duty to indemnify Atlantis from any judgment entered against it.

In order to be excused from the duty to indemnify based on non-cooperation, the insurer (1) must have exercised due diligence in attempting to secure the cooperation of the insured; (2) the insured's failure to cooperate must have been willful; and (3) the insurer must be prejudiced by the lack of cooperation. *Berry v.*

*Truck Ins. Exchange*, 265 Or. 130, 131-32, 135-36 (1973). Here, there is no dispute that Canal has sufficiently alleged that Atlantis willfully failed to cooperate.

### A. Diligence in Securing Cooperation

In order to assert non-cooperation as a bar to coverage, the insurer must have acted with "reasonable diligence and good faith" in securing the cooperation of the insured. *Bailey v. Universal Underwriters Ins. Co.*, 258 Or. 201, 225 (1970). In *State Farm Mut. Auto. Ins. Co. v. Farmers Ins. Exchange*, 238 Or. 285 (1963), the Oregon Supreme Court held that "an insurer must make a substantial showing of diligence before it can successfully rely on the defense of non-cooperation." *Id.* at 293. The standard for this diligence is:

> [I]t is proper to require a showing that the company used the same degree of diligence to secure the insured's cooperation that would have been exercised by a reasonable and prudent person where the cooperation of the insured would be to its advantage in protecting it against liability, rather than to relieve it therefrom. We believe this requirement that the insurer exercise the same diligence as it would exercise to protect its own interests, if there were not advantage to be gained if cooperation fails, is a fair and reasonable standard to apply in such situations and is not unduly burdensome to insurers.

*Bailey*, 258 Or. at 224 (internal quotation marks and citations omitted).

The question of whether the insurer has exercised reasonable diligence and good faith is ordinarily a question of fact for the jury, to be "decided in the light of the particular facts and circumstances of each case." *Bailey*, 258 Or. at 225.

The Complaint alleges that Canal sent a letter to Atlantis notifying Atlantis that Canal had "made multiple unsuccessful attempts to by phone and email to contact Atlantis." FAC ¶ 21; Ex. C, at 2. ECF No. 5. The Court concludes that the

sustained efforts at contact memorialized in the letter are sufficient to plead the exercise of reasonable diligence.

### B. Prejudice

The Oregon Supreme Court has held that in order for non-cooperation to provide a defense, "the insurance company has the burden to plead and prove that it has suffered prejudice as a result." *Bailey*, 258 Or. at 219. "Few Oregon cases have addressed what constitutes prejudice in the context of a cooperation clause." *Shalk v. Infinity Ins. Co.*, Case No. 3:20-cv-00615-YY, 2021 WL 1877976, at *14 (D. Or. April 16, 2021). Courts in this District have determined that prejudice "'includes a substantial detriment to the insurer's ability to litigate or adjust the case.'" *Id.* (quoting *Assurance Co. of Am. v. MDF Framing*, No. CV-06-169-MO, 2008 WL 361289, at *5 (D. Or. Feb. 7, 2008)).

Here, as noted, Atlantis and Masarwe have, through defense counsel hired by Canal, admitted liability in the underlying action and so the only issue remaining to be litigated is causation and damages relating to Alkhewani's injuries. Alkhewani argues that Atlantis would have no relevant information to offer with respect to causation. This argument is supported by the discovery orders in the underlying lawsuit, which found that all responsive documents had been produced by Atlantis and further document discovery related to liability would be outside the scope of discovery. The Court concurs. Liability has been admitted and Canal does not allege in the FAC that Atlantis possesses any information relevant to the remaining issues

in the underlying litigation, or that it would be able to offer testimony material to the issue of causation.

The other allegations of prejudice do little more to advance Canal's case. Canal argues that it unnecessarily sent an attorney to Florida to prepare Masarwe for his deposition, but that preparation was part of Canal's duty to defend the case and does not bear on its ability to litigate or adjust the remaining issues—causation and damages—in the underlying case.

Nor is the Court persuaded that Canal was prejudiced by a policy limit settlement demand by Alkhewani. Canal is not obligated to comply with such a demand and is, of course, free to engage in settlement discussions.

When the court in the underlying lawsuit ordered Masarwe to appear for his deposition, the court stated "that if the Driver failed to appear for his deposition, the Court may enter a directed verdict against Atlantis and the Driver on the issue of causation in the Lawsuit." FAC ¶ 27. No such directed verdict has been sought by Alkhewani, nor has such a directed verdict been entered by the court in the underlying lawsuit. Similarly, the FAC alleges only that a contempt of court order was threatened, but not that Masarwe was actually determined to be in contempt of court. *Id.* at ¶¶ 26, 34. The Court concludes that Canal's allegations of prejudice concerning Masarwe's non-cooperation are, at this juncture, speculative and may not actually materialize. In addition, the Court has stayed the case with respect to Masarwe.

Finally, Canal alleges that two attorneys that it hired to defend the case have withdrawn and Canal believes that these withdrawals were the result of an inability to communicate with Masarwe and Atlantis. As noted, the case is stayed with respect to Masarwe.

With respect to Atlantis, the Policy gives Canal independent authority, the "right and duty," to investigate, defend, or settle any claims or suit "as we [Canal] consider appropriate." Exhibit B, at 35. ECF No. 5. As the Oregon Supreme Court observed, "[w]hen a liability insurer undertakes to 'defend,' it agrees to provide legal representation and *stand in the shoes of the party that has been sued*," and "[t]he insured relinquishes control over the defense of the claim asserted." *Georgetown Realty, Inc. v. Home Ins. Co.*, 313 Or. 97, 110 (1992); *see also Bennett v. Farmers Ins. Co. of Oregon*, 332 Or. 138, 161 (2001) (when an insurer has assumed an obligation to defend the insured, "[t]hat relationship, by its nature, allowed the insurer to step into the shoes of the insured and to control the subject matter of the relationship, namely the insured's own financial liability.").

Here, the letter Canal sent to Atlantis complaining of the lack of cooperation states that Canal and the defense counsel "need to discuss liability and responses to discovery requests served upon you in the lawsuit." Ex. C, at 2. However, Canal has undertaken to defend Atlantis in the underlying action and has, in the course of that defense, admitted liability. Additionally, the court in the underlying lawsuit found that the defendants had "adequately responded" to Alkhewani's requests for production and had "provided all responsive documents in their possession" and that

"because Defendants admit Defendant Masarwe's negligence caused the accident, requests for documents relating to liability are outside the scope of discovery." ECF No. 14 in 6:21-cv-01558-MC.

Canal cannot reasonably claim to be prejudiced by Atlantis's failure to discuss an aspect of the case that has already been admitted. Nor can Canal claim to be prejudiced by a failure to comply with Atlantis's discovery obligations when the court in the underlying action has already ruled that they have provided all responsive documents in their possession and that further discovery related to liability is outside the scope of discovery. As noted, there is no allegation that Atlantis possesses any information relevant to causation or damages, nor is there any allegation that Atlantis possesses any control over Masarwe, to the doubtful extent that he might offer relevant testimony concerning causation.[4] By the terms of the Policy, Canal does not require Atlantis's consent or participation to investigate, defend, or settle the claims against Atlantis in the underlying action. Canal has effectively "stepped into the shoes" of Atlantis in the underlying action and admitted liability. The Court concludes that Canal has not been prejudiced by Atlantis's failure to communicate in the underlying action.

The Court will again grant the motion to dismiss the Complaint with respect to Atlantis. The absence of additional facts in the FAC strongly suggests that further leave to amend would be futile. Dismissal shall therefore be without leave to amend.

---

[4] Alkhewani represents to the Court that Atlantis is a defunct entity and is no longer in business at all. Alkhewani points out that, as a defunct entity, it would not be expected to appear at trial and so Canal could not be prejudiced by its absence. Alkhewani Mot. 15.

## CONCLUSION

For the reasons set forth above, Defendant Alkhewani's Motion to Dismiss, ECF No. 41, is GRANTED and Plaintiff's claims for declaratory judgment against Defendant Atlantis Van Lines, Inc. are DISMISSED without further leave to amend. The claim against Defendant Rame Masarwe remains stayed pending resolution of the underlying action, consistent with the Court's prior Order. The parties are to notify the Court within fourteen (14) days of the resolution of the underlying lawsuit.

It is so ORDERED and DATED this ____28th____ day of March 2025.


        /s/Ann Aiken
        ANN AIKEN
        United States District Judge