IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

CANAL INSURANCE COMPANY;                          Civ. No. 6:23-cv-00875-AA

               Plaintiff,                            **OPINION & ORDER**

     v.

ATLANTIS VAN LINES, INC.;
RAME MASARWE; MOHAMMED
A. ALKHEWANI,

               Defendants.

_____

AIKEN, District Judge.

This case comes before the Court on a Third Motion to Dismiss filed by Defendant Mohammed A. Alkhewani.  ECF No. 53.  For the reasons set forth below, the motion is GRANTED, and this case is DISMISSED.

**LEGAL STANDARDS**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id*.

## BACKGROUND

### I.    The Parties and the Underlying Lawsuit

Dismissed Defendant Atlantis Van Lines, Inc. ("Atlantis") is a Colorado corporation with its principal place of business in Florida. First Am. Compl. ("FAC") ¶ 2. ECF No. 36. Defendant Rame Masarwe is a resident of Florida and, as relevant to this case, was a driver employed by Atlantis. *Id*. at ¶¶ 3, 9-10.

Plaintiff Canal Insurance Company ("Canal") is a South Carolina corporation. FAC ¶ 1. Canal issued a commercial automobile insurance policy to Atlantis, Policy No. I-785460001-3, which was effective from August 2019 to August 2020 (the "Policy"). *Id*. at ¶ 15; Exhibit B, ECF No. 5.

Defendant Mohammed A. Alkhewani is a resident of Oregon and is the plaintiff in *Mohammed A. Alkhewani v. Atlantis Van Lines, Inc. et al.*, Case No. 21CV34711 (the "underlying lawsuit") against Atlantis and Masarwe. FAC ¶¶ 4, 8. In the underlying lawsuit, Alkhewani alleged that on September 3, 2019, a vehicle driven by Masarwe rear-ended a vehicle driven by Alkhewani and that Masarwe was operating within the course and scope of his employment with Atlantis at the time of the collision. *Id*. at ¶¶ 9-10. In the underlying lawsuit, Alkhewani alleged that

Masarwe was negligent and that Alkhewani suffered injuries as a result of the collision. *Id.* at ¶¶ 11-12.

The underlying lawsuit was originally filed in Marion County Circuit Court. FAC ¶ 8. Canal undertook the defense of Atlantis and Masarwe in the underlying lawsuit and retained the law firm Sussman Shank LLP to represent them. *Id.* at ¶ 13. On October 26, 2021, the defendants in the underlying lawsuit removed the action to federal court as Case No. 6:21-cv-01558-AP. *Id.* at ¶ 14.

Following removal, the defendants in the underlying lawsuit filed an Amended Answer and Affirmative Defenses. ECF No. 10 in 6:21-cv-01558-AP.[1] In that Amended Answer, the defendants admitted that "Mr. Masarwe was operating a vehicle within the course and scope of his employment for Atlantis," and that "Mr. Masarwe negligently caused the accident by his failure to keep a proper lookout." *Id.* at ¶ 1. Following their admission of liability, the issue remaining to be litigated in the underlying lawsuit is the "existence, medical cause, extent, nature, degree, and reasonableness" of Plaintiff's claimed injuries. *Id.*[2]

## II.    The Policy

Under the Policy, Atlantis is the "Named Insured" and Masarwe qualifies as an "insured" because "he was operating a 'covered auto' with the permission of

---

[1] The Court takes judicial notice of the docket and filings in the underlying lawsuit, *Alkhewani v. Atlantis Van Lines, Inc. et al.*, Case No. 6:21-cv-01558-AP. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (judicial notice of court dockets is permissible "[t]o determine what issues were actually litigated.").

[2] The scope of the defendant's admissions in the underlying lawsuit was confirmed by an August 19, 2022, order on a discovery dispute in the underlying lawsuit, in which the court found that "because Defendants admit that Defendant Masarwe's negligence caused the accident, requests for documents relating to liability are outside the scope of discovery." ECF No. 14 in Case No. 6:21-cv-01558-AP.

Atlantis at the time of the Accident." FAC ¶¶ 16-17.

The Policy provides that Canal "ha[s] no duty to provide coverage unless there has been full compliance" with certain enumerated duties. FAC ¶ 18; Ex. B. Among these duties, the named insured and the other insured must "[c]ooperate with us [Canal] in the investigation or settlement of the claim or defense against the 'suit.'" *Id.* at ¶ 18; Ex. B, at 8 of 12.

### III.    Atlantis and Masarwe in the Underlying Lawsuit

Canal alleges that it has had difficulty communicating with Atlantis and Masarwe in the underlying lawsuit.

On March 10, 2022, Canal sent a letter to Atlantis complaining that it had made several unsuccessful attempts by phone and email to contact Atlantis and that defense counsel in the underlying lawsuit had been similarly unsuccessful in contacting Atlantis to respond to the written discovery requests propounded by Alkhewani in the underlying lawsuit. FAC ¶ 21, Ex. C. The letter warned that Atlantis owed a contractual obligation to cooperate with the defense and that failure to do so may prejudice Canal's rights and jeopardize coverage under the Policy. *Id.* at ¶ 22. The letter requested that Atlantis immediately contact Canal or defense counsel in the underlying lawsuit. *Id.* at ¶ 23.

Defense counsel in the underlying lawsuit was in communication with Masarwe, although Masarwe "ignored emails and text messages to prepare the defense to the Lawsuit, despite being reminded of his obligation to cooperate with the defense of the Lawsuit." FAC ¶ 24. Atlantis and Masarwe "continued to not respond

to multiple requests by Canal and Defense Counsel to cooperate with the defense of the Lawsuit." *Id.* at ¶ 25.

On October 11, 2022, the judge presiding over the underlying lawsuit ruled that Masarwe must appear for a deposition scheduled for December 13, 2022, and that failure to appear would result in an order to show cause why Masarwe should not be held in contempt of court. FAC ¶ 26. "The Court further stated that if [Masarwe] failed to appear for his deposition, the Court may enter a directed verdict against Atlantis and [Masarwe] on the issue of causation in the Lawsuit." *Id.* at ¶ 27.

Defense counsel in the underlying lawsuit traveled to Florida to meet with Masarwe and prepare for his deposition the following day. FAC ¶ 30. On December 13, 2022, Masarwe demanded $5,000 from Canal to appear at the deposition "and said he would not come to the deposition if he did not receive it." *Id.* at ¶ 31. Canal offered $250 per day, pursuant to the Policy. *Id.* at ¶ 32. Masarwe did not appear for the deposition. *Id.* at ¶ 33. Canal alleges that Masarwe's failure to appear was intentional. *Id.* at ¶ 34.

On December 14, 2022, the day after Masarwe failed to appear for his deposition, Alkhewani made a settlement demand for the limit of the Policy. FAC ¶ 35.

On January 6, 2023, Canal sent a letter to Masarwe telling him that his failure to appear "will likely cause material prejudice to the you [sic] and possibly Atlantis, in the defense of this case," and directing Masarwe to contact Canal or defense

counsel in the underlying lawsuit to reschedule the deposition. FAC ¶¶ 36-37, Ex. D.[3] Service of the January 6, 2023, letter was refused at Masarwe's residence. *Id.* at ¶ 38.

On March 31, 2023, defense counsel moved to withdraw from the underlying lawsuit, citing Rule of Professional Conduct ("RPC") 1.16(b)(1). FAC ¶ 39. On April 10, 2023, the presiding judge granted the motion and directed defense counsel to provide notice to Atlantis and Masarwe and to file a declaration demonstrating notice. *Id.* at ¶¶ 40-41, 43.

Canal retained the law firm of Cosgrave, Vergeer & Kester LLP to defend Atlantis and Masarwe in the underlying lawsuit and sent letters to Masarwe and Atlantis asking that they contact new defense counsel as soon as possible to cooperate with the defense of the lawsuit. FAC ¶¶ 44-45. Canal alleges that Masarwe and Atlantis "have failed to meaningfully cooperate with, and participate in, the defense of the Lawsuit for the past twelve (30) months." *Id.* at ¶ 47.

On July 31, 2023, the new attorneys moved to withdraw from their representation of Atlantis and Masarwe in the underlying action, citing RPC 1.6 and 1.16. FAC ¶ 48. The attorneys did not publicly provide a reason for the withdrawal, but Canal believes that it was caused by an inability to communicate with Atlantis and Masarwe. *Id.* at ¶¶ 49-51. On August 18, 2023, the court in the underlying action

---

[3] The quoted language is taken from the January 6, 2023, letter to Masarwe. Ex. D, at 2. ECF No. 5. The FAC alleges that "the letter indicated that the Driver's failure to cooperate with the defense of the Lawsuit had caused material prejudice to Canal's ability to defend the lawsuit[.]" FAC ¶ 37. As discussed below, the allegation that Masarwe's non-appearance caused "material prejudice" is a legal conclusion in addition to somewhat stretching the actual wording of the January 6, 2023, letter.

permitted the new attorneys to withdraw.  *Id.* at ¶ 54.

On May 21, 2025, the Masarwe was dismissed as a defendant in the underlying action at the request of Alkhewani.  ECF Nos. 49, 53 in Case No. 6:21-cv-01558-AP.

On June 11, 2025, Canal was permitted to intervene in the underlying action. ECF No. 57 in Case No. 6:21-cv-01558-AP.  Canal filed an Answer in the underlying action in which it also admitted liability, leaving the "existence, medical cause, extent, nature, degree, and reasonableness" of Alkhewani's injury for the jury.  ECF No. 51 in in Case No. 6:21-cv-01558-AP.

A jury trial was held in the underlying action from January 12, 2026, through January 15, 2026.  ECF Nos. 129, 132, 134, 135 in Case No. 6:21-cv-01558-AP. Masarwe was not called as a witness in the underlying action by either Canal or Alkhewani.  ECF No. 136 in Case No. 6:21-cv-01558-AP.  Masarwe did not appear in Canal's list of anticipated witnesses.  ECF No. 102 in Case No. 6:21-cv-01558-AP.

The court gave the following jury instruction, consistent with the admission of liability already made in the underlying action:

The Defendant has admitted the following facts, which you must treat as conclusive:

(1) On September 3, 2019, a collision occurred between a semi-truck and trailer driven by Rame Masarwe and a 2018 Toyota Camry driven by Plaintiff.

(2) At the time of the collision, Mr. Masarwe was an employee of Defendant Atlantis Van Lines and was operating the semi-truck and trailer within the course and scope of his employment with Defendant Atlantis Van Lines.

(3) Mr. Masarwe negligently caused the collision by failing to keep a proper lookout.

Page 7 –OPINION & ORDER

*Conclusive* means that you may not question whether the fact has been established. However, you may give these facts whatever weight or value, if any, you think they deserve.

Rame Masarwe was the employee of Defendant Atlantis Van Lines. Any negligence of Mr. Masarwe is the negligence of Defendant Atlantis Van Lines.

Court's Instructions to the Jury, at 10. ECF No. 137 in Case No. 6:21-cv-01558-AP (emphasis in original).

The jury found that the Atlantis's negligence was the cause of Alkhewani's injuries and awarded $350,000 in economic damages and $250,000 in noneconomic damages. The jury found that Plaintiff had failed to use reasonable efforts to mitigate his damages but declined to reduce the damages. ECF No. 141 in Case No. 6:21-cv-01558-AP.

## DISCUSSION

Canal seeks a declaration that (1) Atlantis and Masarwe have breached the cooperation clause of the Policy; (2) Canal has satisfied its duty to exercise due diligence to secure Atlantis's and Masarwe's participation in the defense of the underlying lawsuit; and (3) Canal has been substantially prejudiced and continues to be prejudiced by Atlantis's and Masarwe's past and ongoing failures to cooperate in the defense of the underlying lawsuit.

On July 30, 2024, the Court granted Alkhewani's motion to dismiss the case as to the Atlantis and granted Alkhewani's motion in the alternative to stay the case with respect to Masarwe. ECF No. 35. On August 29, 2024, Canal filed the FAC.

Alkhewani then renewed his motion to dismiss the claims against Atlantis. ECF No. 41.

The Court granted the second motion to dismiss and dismissed the claims against Atlantis without further leave to amend, noting that the court in the underlying action had found the defendants had "'adequately responded' to Alkhewani's requests for production and had 'provided all responsive documents in their possession' and that 'because Defendants admit Defendants admit that Defendant Masarwe's negligence caused the accident, requests for documents relating to liability are outside the scope of discovery.'" March 2025 O&O, at 12-13. ECF No. 46.

The Court concluded that Canal could not reasonably claim to be prejudiced by Atlantis's failure to discuss liability, which had already been admitted, nor could it claim to be prejudiced by a failure to comply with discovery obligations when the court in the underlying action had already ruled that Atlantis had provided all responsive documents in their possession and that inquiries related to liability were outside of the scope of discovery. March 2025 O&O, at 13. The Court also observed that there was no allegation that Atlantis, which had become a defunct company, had any control over Masarwe. *Id.* The Court concluded that "Canal ha[d] effectively 'stepped into the shoes' of Atlantis in the underlying action and admitted liability," and that "Canal has not been prejudiced by Atlantis's failure to communicate in the underlying action." *Id.* As noted, the Court dismissed the claim against Atlantis.

The claims against Masarwe remain stayed pending resolution of the underlying action, consistent with the Court's prior Order. The Court noted that, although the court in the underlying action had threatened to find Masarwe in contempt and to issue a directed verdict on the issue of causation, that risk was "speculative" and might or might not occur in the course of litigating the underlying action. July 2024 O&O at 12-13.

In the time since the Court's ruling on the Second Motion to Dismiss, Masarwe was dismissed as a defendant in the underlying action and Canal intervened in the underlying action. In Canal's answer, it also admitted liability, leaving "the existence, medical cause, extent, nature, degree, and reasonableness" of the injury to the jury. ECF No. 51 in Case No. 6:21-cv-01558-AP.

Under the Declaratory Judgment Act, in "a case of actual controversy within its jurisdiction," a court may "declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

State law determines the court's interpretation of insurance policies and an insurer's duty to indemnify. *Larson Constr. Co. v. Or. Auto Ins. Co.*, 450 F.2d 1193, 1195 (9th Cir. 1971). Under Oregon law, the duty to defend is distinct from the duty to indemnify under the terms of an insurance policy. *Ledford v. Gutoski*, 319 Or. 397, 403 (1994). While a duty to defend is triggered by the allegations in a pleading, the duty to indemnify is proven by facts that establish a right to coverage. *Nw. Pump & Equip. Co. v. Am. States Ins. Co.*, 144 Or. App. 222, 227 (1996). Courts must construe

exclusion clauses narrowly. *Am. Econ. Ins. Co. v. Hughes*, 121 Or. App. 183, 186 (1993).

Here, Canal asserts that Masarwe's failure to cooperate in the defense of the underlying action violates the cooperation clause of the Policy.

In order to be excused from the duty to indemnify based on non-cooperation, the insurer (1) must have exercised due diligence in attempting to secure the cooperation of the insured; (2) the insured's failure to cooperate must have been willful; and (3) the insurer must be prejudiced by the lack of cooperation. *Berry v. Truck Ins. Exchange*, 265 Or. 130, 131-32, 135-36 (1973). Here, there is no dispute that Canal has sufficiently alleged that Masarwe willfully failed to cooperate. The Court likewise concludes that Canal diligently sought to secure Masarwe's cooperation. The primary dispute arises from whether Canal has sufficiently alleged that it was prejudiced by Masarwe's failure to cooperate.

The Oregon Supreme Court has held that in order for non-cooperation to provide a defense, "the insurance company has the burden to plead and prove that it has suffered prejudice as a result." *Bailey v. Universal Underwriters Ins. Co.*, 258 Or. 201, 219 (1970). "Few Oregon cases have addressed what constitutes prejudice in the context of a cooperation clause." *Shalk v. Infinity Ins. Co.*, Case No. 3:20-cv-00615-YY, 2021 WL 1877976, at *14 (D. Or. April 16, 2021). Courts in this District have determined that prejudice "'includes a substantial detriment to the insurer's ability to litigate or adjust the case.'" *Id.* (quoting *Assurance Co. of Am. v. MDF Framing*, No. CV-06-169-MO, 2008 WL 361289, at *5 (D. Or. Feb. 7, 2008)).

Canal argues that Masarwe's failure to cooperate prejudiced them with respect to the question of liability. Pl. Resp. at 4 ("Canal has been precluded from putting forth any type of liability defense as a result of Mr. Masarwe and Atlantis's complete failure to cooperate." and "Because of Mr. Masarwe's and Atlantis's complete failure to cooperate, Canal was not able to make a fair determination of liability, and its ability to defend, settle, or handle the claim was substantially impaired."). This argument is impossible to square with either the allegations of the FAC or the timeline of the underlying action. The Amended Answer in the underlying action was filed on June 24, 2022, and admitted liability, leaving only "the existence, medical cause, extent, nature, degree, and reasonableness" of Plaintiff's injury and damages to be determined by the jury. ECF No. 10 in Case No. 6:21-cv-1558-MC. Masarwe's alleged failure to cooperate did not occur until the date of his deposition nearly six months later, in December 2022. FAC ¶¶ 26-34. The admission of liability was what precluded the presentation of a liability defense and Masarwe's lack of cooperation did not cause the admission of liability.

Nor does it appear that Masarwe, as the driver of the vehicle, possessed any information bearing on the medical cause or extent of Plaintiff's injury. Indeed, the Court notes that the witnesses called by Canal in the trial of the underlying action were all experts, who are the sort of witnesses who might be expected to offer testimony on things like the existence, degree, or medical cause of an injury.

Furthermore, Masarwe was dismissed as a defendant in the underlying action and Canal was permitted to intervene. There was the possibility of an order of

contempt and a directed verdict based on Masarwe's failure to appear at his deposition, but the threat never materialized, and the matter was ultimately submitted to a jury as to the underlying claims against Atlantis. Because Masarwe was dismissed as a defendant, no judgment was rendered against him.

The Court concludes that Canal did not suffer a substantial detriment to its ability to litigate or adjust the case as a result of Masarwe's lack of cooperation and so was not prejudiced such that it would be relieved of its obligation to defend or indemnify in the underlying action. The Court will therefore GRANT the motion to dismiss as to Masarwe.

There are no substantive claims against Alkhewani in this case. The Court will therefore GRANT the motion to dismiss as to Alkhewanti.

## CONCLUSION

For the reasons set forth above, Defendant Alkhewani's Third Motion to Dismiss, ECF No. 53, is GRANTED and this case is DISMISSED. Final judgment shall be entered accordingly.

It is so ORDERED and DATED this ____15th____ day of June 2026.

      /s/Ann Aiken
      ANN AIKEN
      United States District Judge